IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GABRIEL ROCHELLE | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | Pursuant to Rule 9(h) of |
| | § | the Federal Rules of |
| W&T OFFSHORE, INC. and | § | Civil Procedure - ADMIRALTY |
| OFFSHORE MARINE, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW GABRIEL ROCHELLE, Plaintiff, complaining of W&T OFFSHORE, INC. and OFFSHORE MARINE, INC., Defendants, and, for cause of action, would respectfully show unto this Honorable Court the following:

**I.**

1. Plaintiff Gabriel Rochelle is a citizen and resident of the state of Louisiana.

2. Defendant W&T Offshore, Inc. is a domestic corporation with its principal place of business in the Southern District of Texas, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

3. Defendant, Offshore Marine, Inc., is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code § 17.044

by serving the Secretary of State of Texas as agent for Offshore Marine, Inc. This suit arises out of business contacts in this State and, under the circumstances, Offshore Marine, Inc. has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, to this Defendant by forwarding same by certified mail, return receipt requested, to Defendant, Offshore Marine, Inc., at its home office, 133 W. 113th Street, Cut Off, LA 70345.

## II.

This is a case of admiralty and maritime jurisdiction, brought pursuant to the Jones Act 46 U.S.C. § 688, and general maritime law, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h), and is brought pursuant to Rule 9(h).

## III.

Venue is proper in this admiralty action pursuant to FRCP 82.

## IV.

Plaintiff is an American seaman and brings this action pursuant to 46 U.S.C. § 688 and pursuant to the 28 U.S.C. § 1333 and the general maritime law of the United States. As such, pursuant to 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefor.

**V.**

At all material times hereto, Defendant Offshore Marine, Inc. ("Offshore Marine") was the owner and/or operator of the jack-up vessel on which Plaintiff was injured, a vessel operating on the navigable waters of the United States of America.

**VI.**

At all material times hereto, Plaintiff was aboard Offshore Marine's vessel as a borrowed employee of Offshore Marine, acting within the course and scope of his employment as a seaman and in the service of said vessels.

**VII.**

On or about February 19, 2005, as Plaintiff was performing his regular duties while in the service of the vessel, which was working for W&T Offshore, Inc., was injured when the Offshore Marine crane operator dropped Plaintiff to the deck of another vessel. Said injuries were caused in whole or in part by the negligence of the Defendants, their agents, servants and/or employees and/or was legally caused by the unseaworthiness of Offshore Marine's vessel.

**VIII.**

On or about February 19, 2005, Plaintiff was working as a production operator and member of the crew of Offshore Marine's vessel. While Plaintiff was performing duties in the service of the vessel, he sustained injuries as described above. Said Defendant failed in its duty to provide Plaintiff with a safe and seaworthy vessel on which to work, and all Defendants failed in their duty to provide Plaintiff with safe place to work.

**IX.**

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries as described above. As a result of said injuries, Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past, and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently. Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future. Additionally, as a result of the injuries sustained in said occurrence, Plaintiff has suffered in the past, and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**X.**

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**XI.**

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Offshore Marine had, and continues to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Offshore Marine's duties continue. Said Defendant has denied payment and/or has unreasonably delayed payment for maintenance and cure. As a result of said Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further

injuries and damages, for which he now sues.  Plaintiff would further show that Offshore Marine's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by said Defendant's failure, attorneys' fees and punitive damages for which he now sues, in addition to all other relief sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GABRIEL ROCHELLE, prays for judgment against Defendants, jointly and severally, for all costs of Court, and for all such other and further relief, at law and in equity, to which he may be justly entitled.

/s/ *Francis I. Spagnoletti*

_____
Francis I. Spagnoletti
State Bar No. 18869600
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656

**OF COUNSEL**:

SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656